**DREW et al. v. DUPLEX PETROLEUM CO.**

No. 13567—Opinion Filed April 15, 1924.

**Bills and Notes—Absence of Internal Revenue Stamps.**

The absence of the internal revenue stamps required upon a promissory note by the act of Congress of October 22, 1914, section 22, Schedule A, 38 Stat. at L. 762, neither invalidates such note nor renders it inadmissible in evidence.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by Duplex Petroleum Company, a corporation, to recover upon a promissory note against Thomas Walker, Frank B. Drew, and A. P. Harris. Judgment for plaintiff, and Frank B. Drew and A. P. Harris appeal.

R. H. Mathews, for plaintiff in error.

Geo. M. Porter and J. L. Fuller, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendants as they were designated in the trial court.

On the 23rd day of February, 1921, the plaintiff commenced an action against Thomas Walker, A. P. Harris, and Frank B. Drew, defendants, upon a promissory note for the sum of $17,000, and dated September 13, 1920, and due January 1, 1921. It appears that $5,000 was credited upon this note on the 4th day of November, 1920. A copy of the note was attached to and made a part of the petition. The defendants filed separate answers, which were unverified general denials.

On the 24th day of January, 1922, the case was tried in the district court of Garvin county. On the trial the plaintiff offered in evidence the original note, and the defendants objected upon the grounds that said note bore no revenue stamps. The plaintiff thereupon asked permission to attach and cancel said stamps, which was allowed, and $3.40 in revenue stamps were attached to the note and cancelled. And the court thereupon overruled the objection and admitted the note in evidence. And the plaintiff rested its case. The defendants offered no evidence and judgment went for the plaintiff in the sum of $13,362.19 and costs, including an attorney fee of $1,257.60 as provided for in said note.

The defendants Frank B. Drew and A. P. Harris have perfected their appeal to this court, and contend that the case should be reversed upon the sole ground that the court erred in permitting the note to be introduced in evidence. It is clear from the Act of October 22, 1914, chap. 331, sec. 22, schedule A, 38 Stat. at L. 762, that there was no intention on the part of Congress to make promissory notes or other instruments of that character inadmissible in evidence by reason of not bearing the required revenue stamps. In Cole v. Ralph, 252 U. S. 286, 64 L. Ed. 567, the Supreme Court of the United States passed upon the precise question raised in this appeal adverse to the defendants' contention. In that case the court says:

"As to the absence of revenue stamps, it is true that the deeds showing title in some of the plaintiffs * * * they were produced in evidence over the defendant's objection—were without the stamps required by the Act of October 22, 1914, chap. 331, s. 22, schedule A 38 Stat. at L. 762. But this neither invalidated the deeds nor made them inadmissible as evidence. The relevant provisions of that act, while otherwise following the language of earlier acts, do not contain the words of those acts which made such an instrument invalid and inadmissible as evidence while not properly stamped. Those words were carefully omitted, as will be seen by contrasting sections 6, 11, 12, and 13 of the Act of 1914

with sections 7, 13, 14, and 15 of the Act of June 13, 1898, chap. 448, 30 Stat. at L. 454, Comp. Stat. sections 6318i, 6318j, 6318k. From this and a comparison of the acts in other particulars it is apparent that Congress in the later act departed from its prior practice of making such instruments invalid or inadmissible as evidence while remaining unstamped, and elected to rely upon other means of enforcing this stamp provision, such as the imposition of money penalties, fines, and imprisonment. The decisions upon which the defendant relies arose under the earlier acts, and were based upon the presence in them of what studiously was omitted from the later one."

The only case cited by the defendants having any bearing on the question is United States v. Masters, 264 Fed. Rep. 250; but while that case would seem to support the defendants' contention so far as proceedings in the federal courts are concerned, the conclusion reached is directly opposite to the doctrine laid down in Cole v. Ralph, supra. We conclude that the absence of the internal revenue stamps required by the Act of Congress of October 22, 1914, never invalidated the note in question nor rendered it inadmissible in evidence. It follows that the judgment appealed from should be affirmed.

The plaintiff asks for judgment against the sureties upon the supersedeas bond, and it appearing from the record that on November 13, 1922, said defendants' filed a supersedeas bond in the sum of $29,280, conditioned that the principals should pay to the obligees the amount of said judgment and costs in the event the same should be affirmed by this court.

It is therefore ordered that the judgment be and the same is given against the sureties on said bond, J. E. Allen, P. H. O'Keefe, and J. T. Griffin, as sureties, in the sum of $13,362.19, with interest at the rate of eight per cent. per annum from the 24th day of January, 1922, and costs, including an attorney fee of $1,257.60, according to the terms of said judgment.

By the Court: .It is so ordered.